IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**YANELLE STRONG-FISCHER**
    42497 Flemming Dr,
    Chantilly, VA  20152
    Plaintiff,

    v.                                                                  Civil Action No.

**NORMAN Y. MINETTA,**
    SECRETARY OF TRANSPORTATION,
    400 7th Street, S.W.
    Washington, D.C.  20590
    Defendant.

---

<u>PETITION OF MS. STRONG-FISCHER FOR RETALIATION,
DISCRIMINATION UNDER TITLE VII AND 42 U.S.C. 1981</u>

1. Ms. Strong-Fischer ("Fischer") is a former Environmental Manager, pay band J (retained pay K), within the Department of Transportation, Federal Aviation Administration ("FAA").  Ms. Fischer is a 16-year employee of the FAA with outstanding performance ratings.  Ms. Fischer is an African-American female. Ms. Strong-Fischer resides at 42497 Flemming Dr, Chantilly, Virginia  20152.  The FAA is a division of the Department of Transportation.

2. Defendant Norman Y. Minetta is Secretary of Transportation ("DOT"), a Department of the United States government served by process at 400 7th Street, S.W., Washington, D.C.  20590.  The Secretary of Transportation may also be served via the Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C.  20350.

3. Jurisdiction is proper under 5 U.S.C. 7703(b)(2) (Title VII) and 42 U.S.C. 1981 (violation of civil rights).

FACTUAL BACKGROUND

4. Ms. Fischer has a background of exceptional performance with the FAA. She has a background in electronic engineering.

5. Ms. Fischer had worked in the Washingon, D.C. area before moving to the Los Angeles Regional Office to care for her father. After he passed, Ms. Fischer returned to the Washington Area and obtained a position as the Assistant Automation Supervisor, at Chesapeake System Management Office (SMO).

6. The workforce in each of the sections at Chesapeake SMO was at least 95% caucasian male.

7. While serving in that position, Ms. Fischer was not given assignements appropriate for that position and given much less than the normal supervisor authority for an assistant supervisor.

8. As assistant manager, Ms. Fischer became a member of the "management team" at Chesapeake SMO.

9. Upon return to the Chesapeake SMO from detail, Ms. Fischer found that the management team, in her absence, and with the approval of manager Cordon "Les" James, had proposed for approval replacing the Environmental Supervisor with a coordinator, a less qualified caucasian male.

10. Ms. Fischer opposed this appointment and became Enviromental Supervisor in July or early August 2004.

11. Ms. Fischer passed a probationary period as Environmental Supervisor and received formal recognition for outstanding performance.

12. The Environmental Supervisor position had substantially more responsibility than the Automation Supervisor position.

Terms and conditions of employment, including working conditions, and responsitility, were also substantially better and more varied.

13. Ms. Fischer received a positive performance appraisal for the time as Environmental supervisor.

14. In November 2004, Ms. Fischer applied for and on 11/22/04 received Mr. James' approval to go on 12 weeks unpaid FMLA leave to seek to adopt children.

15. While on leave, Ms. Fischer received calls while on leave, "have you adopted, will you be coming back?" She raised EEO issues in an e-mail.

16. Ms. Fischer was not "backfilled" while on leave.

17. In February 2005, Mr. James selected Michael Crompton, who did not have supervisory experience, for Communications Divison Supervisor, over several candidates with substantial supervisory experience, including Ron Harper.

18. Mr. Crompton began work in this position, effective 2-20, 2005.

19. On 3-3-05 Ms. Fischer received a call from supervisor, Michelle Polar stating that the management team was considering replacing her as Environmental Supervisor with Michael Crompton.

20. Ms. Fischer stated that she would oppose this and believed it to be inequitable and discriminatory.

21. On 3-4-05, Ms. Fischer made an initial contact with the FAA EEO office.

22. On 3-7-05, while Ms. Fischer was on FMLA leave, the management team met and voted she should be replaced as

Environmental Supervisor by Michael Crompton and transferred to Automation.

23. Ms. Fischer received a phone call from upper level manager Mr. Enriquez, who stated that he expercted her to report to Automation and "do my job."

24. On Friday, March 18, 2005 at 1 p.m., Ms. Fischer received a phone call and then an email from Mr. James stating that she was to report as Automation Supervisor on Monday morning.

25. After sending a resignation letter on Monday, March 21, 2005, Ms. Fischer immediately changed her mind and called Mr. James at 11 a.m. Tuesday, 3-22-05.  She stated she wanted to work despite the difficulties.

26. Mr. James said he would think about it and then called her back later the same day, and invited her to his offices the next morning, 3-23-05 "to discuss expectations."

27. On 3-23-05, Ms. Fischer met with Mr. James at his FAA offices.  Ms. Fischer requested at least twice to rescind her resignation and to continue work at FAA.  In response to Mr. James' questions she discussed and opposed several events in her employment that she believed were discriminatory and stated were discriminatory.  Mr. Fischer also stated that she had not completed adoption and still wished to adopt.

28. After the meeting, Mr. James considered Ms. Fischer's request to continue work.  Mr. James wrote a memorandum on 3-24-05 summarizing conclusions leading to his instructions to "continue to process Ms. Fischer's resignation letter.

29. Ms. Fischer wrote a written request to rescind her

resignation but did not hear back from Mr. James.

30. Ms. Fischer contacted EEO, which contact was forwarded to Mr. James on 3-29-05.

31. On 3/31/05 upper level manager Ms. Hudson requested that Ms. Fischer should come back if possible.

32. This memo and the EEO intake were then forwarded to Mr. James.

33. Mr. James then sent a letter to Ms. Fischer, dated April 4, 2005, stating that the resignation letter "stands" and that he was not going to rescind her resignation letter. This effectively terminated Ms. Fischer's employment.

<u>Reprisal and Discrimination against Ms. Strong-Fischer Under Title VII</u>

34. Mr. Cordon James and the FAA discriminated against Ms. Fischer by transferring her from her Environmental Supervisor position, in favor of a less qualified caucasian male, Michael Cropmton, while she was on approved leave.

35. Ms. Fischer opposed Mr. Cordon James' involuntariy transfer of her from Environmental Supervisor, which she believed to be discriminatory. She also made several other significant allegations of discrimination at the FAA at a meeting at Mr. James' office on 3-23-05. She had earlier raised and opposed actions she believed to be discriminatory. Her opposition, under Title VII was a motivating factor in Mr. James' refusal to process her recission of her resignation, which effectively terminated her employment, constituting reprisal discrimination under Title VII.

36. Ms. Fischer, not hearing from Mr. James, then continued an EEO action regarding Mr. James, and this EEO activity became another motivating factor in Mr. James' refusing to process her recission and notifying Ms. Fischer that "her resignation stands," terminating her employment against her wishes.

37. This is race, gender and reprisal discrimination under Title VII. 42 U.S.C. 2000.

38. Ms. James' refusal to rescind Ms. Fischer's resignation and the termination of Ms. Fischer was also motivated in part by gender discrimination because of the assumption that she would be incapable of continuing to serve as a supervisor, while pursuing adoption.

<u>Hostile Work Environment against Ms. Strong-Fischer Under Title VII</u>

39. The FAA and Mr. James created a hostile and harassing work enviroment for Ms. Fischer in her job as assistant supervisor and subsequently by holding management meetings concerning her employment while she was on leave, and approving her transfer to another position without her consent.

<u>Violation of 42 U.S.C. 1981</u>.

40. Section 1981 forbids all discrimination or impairment of the rights to make perform, modify and terminate employment contracts as well as in the enjoyment of the benefits, privileges, terms and conditions of employment.

41. Here, Mr. James' and the FAA's actions as outlined in paras. 34-39 above, constituted violations of the 42 U.S.C. 1981.

<u>Request for Relief</u>

Pursuant to Title VII (reprisal and discrimination and hostile work environment) and 42 U.S.C. 1981, Ms. Strong-Fischer requests reinstatement, compensatory damages, back pay, attorney fees and costs.  42 U.S.C. 2000.

WHEREFORE, PREMISES CONSIDERED, Ms. Strong-Fischer respectfully requests the above relief and all such other relief as to which this Honorable Court may rule she is entitled.  Ms. Strong-Fischer requests a trial by jury.

February 2, 2007                    Respectfully submitted,


/s/_____
                                    Brian C. Plitt
                                    Attorney at Law
                                    DC Bar No. 408746
                                    1239 C. Street, S.E., Ste 400
                                    Washington, D.C. 20003
                                    (202) 546-5493

                                    ATTORNEY FOR MS. STRONG-FISCHER

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-265 RWR

**I (a) PLAINTIFFS**

YANELLE STRONG-FISCHER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

NORMAN MINETTA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
___ _ND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER

Brian C. Plitt
1239 C Street, S.E. #400
W.D.C. 20003
202.546.5493

CASE NUMBER 1:07CV00265
JUDGE: Richard W. Roberts
DECK TYPE: Employment Discrimination
DATE STAMP: 02/██/2007

**JURY ACTION**

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

③

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
_Title VII 42 USC 2000 Emply. Discrimination_

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO   If yes, please complete related case form.

DATE 2-5-07
SIGNATURE OF ATTORNEY OF RECORD _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

