UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
YANELLE STRONG-FISCHER,              )
                                    )
          Plaintiff,                 )
                                    )
     v.                              )     Civil Action  No. 07-0265 (RWR)
                                    )
                                    )
MARY E. PETERS,  Secretary,          )
Department Of Transportation         )
                                    )
          Defendant.                 )
_____)

**DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

Defendant, by and through counsel, respectfully moves the Court pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6), to dismiss this case for failure to exhaust administrative remedies on a timely basis and for failure to serve Defendant within the time prescribed by the rules of Court. Should the Court determine that dismissal is not warranted, Defendant moves to transfer this case to the U.S. District Court for the Eastern District of Virginia.  A proposed order is also submitted with this motion.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

          _____/s/_____
          CLAIRE WHITAKER, D.C. Bar # 354530
          Assistant United States Attorney
          United States Attorneys Office
          Civil Division
          555 4th Street, N.W., Room E-4204
          Washington, D.C. 20530
          (202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
YANELLE STRONG-FISCHER,         )
                               )
         Plaintiff,             )
                               )
    v.                          )    Civil Action  No. 07-0265 (RWR)
                               )
                               )
MARY E. PETERS,  Secretary,     )
Department Of Transportation    )
                               )
         Defendant.             )
_____)
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

   Defendant, Secretary of Transportation, submits this memorandum of points and authorities in support of the accompanying motion to dismiss this action or to transfer.

**I.  Preliminary Statement**

   As Plaintiff failed to file her civil action within the 90-day time period required by 42 U.S.C. § 2000e-16(c), she has failed to exhaust her administrative remedies and is now barred of proceeding in this Court.  Plaintiff also failed to serve defendant with a summons and her complaint within the 120-day time period as required by Fed. R. Civ. P. 4.  Finally, as venue is improper in this jurisdiction, dismissal of this action or transfer to the Eastern District of Virginia is appropriate.

**II.  Relevent Facts**

   On February 5, 2007, Plaintiff, a former employee of the Department of Transportation ("DOT"), Federal Aviation Administration ("FAA"), filed the instant law suit claiming she was discriminated and retaliated against based on her race and gender and created a hostile work

environment because her supervisor refused to rescind her resignation. R. 1 (Complaint). Plaintiff was employed by the Department of Transportation's FAA's Chesapeake System Management Office located in Leesburg, Virginia. Exhibit 3, hereto (Declaration of Patricia Healey, FAA's Director of Eastern Region, Human Resources) at ¶ 5. A final agency decision ("FAD") was rendered in connection with Plaintiff's claims on September 27, 2006. Exhibit 1 (Letter from Tami L. Wright, Regional Director, DOT's Departmental Office of Civil Rights, Washington Regional Office). The FAD was received by Plaintiff on October 3, 2006. Exhibit 2 (Return Receipt signed by Plaintiff's attorney).

      In Ms. Wright's letter, Plaintiff was given notice of her appeal rights. See Exhibit 1, p. 1. This notice provided, in pertinent part, that plaintiff would have, "90 calendar days of your receipt of this action, [to] file a civil suit in an appropriate U.S. District Court." Id. A calculation of the 90-day period for filing a civil action evidences that the deadline for Plaintiff's civil action in this Court was January 1, 2007. As January 1, 2007, was a holiday, Plaintiff had to and including close of business on January 2, 2007, to file her civil action. See Fed. R. Civ. 6(a)(3). Plaintiff's civil action was not filed until February 5, 2007, 35 days after the 90-day deadline. R. 1. (Thereafter, Plaintiff failed to serve defendant within 120 days as required by Fed. R. Civ. P. 4, but has now properly served defendant.)

      In this case, the alleged unlawful employment actions occurred in the State of Virginia where Plaintiff worked. Exhibit 3. The records involved in these proceedings are kept in New York or Georgia. Id. at ¶¶ 6-7. The place in which she would have worked but for the alleged discrimination was Virginia. Id. at ¶ 5. Therefore, venue is proper in Virginia, not in this Court.

## III. Argument

Defendant moves to dismiss this action pursuant to Rule 12(b)(1), (2), (3) and (6) of the Federal Rules of Civil Procedure, as Plaintiff has not filed a timely civil action in this case and on venue grounds. Should this motion be treated as a request for dismissal pursuant to Rule 12(b)(6), a statement of material facts is also attached.

### A. Plaintiff's Failure Timely To Exhaust Her Administrative Remedies Bars Any Claim For Discrimination.

An employment discrimination action against the Federal Government may only be commenced after the complainant has exhausted administrative remedies. In pursuing her claim of discrimination, plaintiff must file her civil action within 90 days of receipt of notice of the final agency action on her administrative complaint. See 42 U.S.C. § 2000e-16 (c). "It is well settled that timely administrative exhaustion is a prerequisite to the filing of a Title VII lawsuit." Parker v. Frank, No. 91-2442 (D.D.C. Feb. 25, 1992), 58 Empl. Prac. Dec. (CCH) ¶ 41,410, at 70,504 (emphasis added); see also United Airlines, Inc. v. Evans, 431 U.S. 553, 554-55 (1977); Valentine v. United States Postal Serv., 674 F.2d 56, 65 (D.C. Cir. 1982). As Plaintiff has failed to exhaust her administrative remedies in a timely manner, she cannot assert the instant claim under Title VII of the Civil Rights Acts of 1964, as amended.

Plaintiff's rights to seek review of the Department's final agency decision were made known to her in the notice contained in Defendant's letter of September 27, 2006, which was received by Plaintiff's counsel on October 3, 2006. See Exhibits 1 and 2. The notice provided that Plaintiff had the right to seek judicial review in the appropriate federal district court within 90 days after receipt of the final agency decision. Exhibit 1 at p. 1.

Under applicable regulations, such an appeal is timely if it is filed before the expiration of the 90-day filing period. Id. see also 29 C.F.R. § 1614.408(c). The filing period in this case began on October 3, 2006, when Plaintiff's attorney received the Department's Final Agency Decision. Exhibit 2 (copy of the return receipt). Irwin v. Veterans Administration, 498 U.S. 89, 92-93 (1990), rehearing denied by, 498 U.S. 1075 (1991). Hence, Plaintiff's civil action had to be filed no later than January 2, 2007, to be timely (the 90th day was New Year's Day, January 1, 2007). Plaintiff's civil action, however, was not filed until February 5, 2007, which was outside the filing period. Consequently, Plaintiff's civil action was untimely.

The EEOC's regulations governing the computation of time limits expressly allow for waiver, estoppel and equitable tolling. See 29 C.F.R. § 1614.6049(c). Consequently, if there were grounds to excuse the late filing of Plaintiff's complaint, then this civil action could be deemed timely notwithstanding Plaintiff's failure to comply with the deadline. However, there must be a basis for Plaintiff to invoke the doctrine of equitable tolling to salvage this civil action, i.e., extraordinary circumstances. See Irwin v. Veterans Administration, 498 U.S. at 95-96 (the doctrine of equitable tolling should be applied "only sparingly" and does not extend to "a garden variety claim of excusable neglect").

As the United States Court of Appeals for the District of Columbia has further explained, this "equitable tolling of the time limitation" is available only under "limited circumstances" as prescribed by the regulations. See Rao v. Baker, 898 F.2d 191, 193 (D.C. Cir. 1990); accord McGinty v. United States Department of the Army, 900 F.2d 1114, 1118 (7th Cir. 1990); Ganheart v. Lujan, 733 F. Supp. 1053, 1058 (E.D. La. 1990).

The Court of Appeals for this Circuit has also recognized that "a plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."

Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985). There is no valid reason to deviate from this principle here. To paraphrase the Supreme Court's decision in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984) (per curiam), rehearing denied by, 467 U.S. 1231 (1984), which discussed the issue of equitable tolling in a Title VII case:

> This is not a case in which a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the [Department of Veteran Affairs or the EEOC] has led the plaintiff to believe that [he] had done everything required of [him]. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. The simple fact is that [plaintiff] was told . . . what [he] must do to preserve [his] claim, and [he] did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

Id. at 151 (citations omitted). The facts of this case fall squarely within the reasoning of Brown. Although a different limitation period may have been at issue, there is no reason not to apply the principles the Supreme Court enunciated in Brown while interpreting a virtually identical regulation. Ganheart v. Lujan, 733 F. Supp. at 1059 (quoting Johnson v. United States Postal Service, 863 F.2d 48 (table), 1988 WL 122962, *2-*3 (6th Cir. 1988) (affirming dismissal of Title VII action where plaintiff had filed an appeal to EEOC that was one day late after receiving final agency decision denying her administrative claim).

It is undisputed that Plaintiff filed her complaint on February 5, 2007. Plaintiff received notice, through counsel, of the agency's FAD on October 3, 2006, as evidenced by the return receipt included at Exhibit 2. Accordingly, Plaintiff did not timely file this civil action. Accordingly, any Title VII claim now asserted by Plaintiff is barred.

**II.     Venue is Improper in the District of Columbia.**

Should the Court determine that dismissal is not warranted on exhaustion grounds, then Plaintiff's complaint should be dismissed on venue grounds.

5

The clear *gravamen* of Plaintiff's complaint is her allegations under Title VII regarding employment discrimination. The statutory scheme in Title VII has a special venue provision which specifies four bases for venue:

> Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). Thus, the statute defines four primary possible venues for a Title VII case. The fourth basis for venue is applicable only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002). Courts have specifically held that the actions and omissions of an agency's headquarters do not automatically impute venue wherever that principal office is located. See, e.g., Robinson v. Potter, No. 04-890 (RMU), 2005 WL 1151429, 2005 U.S. Dist. LEXIS 9491 (D.D.C. May 2, 2005).

Here, venue under Title VII is not proper in the District of Columbia. First, the allegedly unlawful employment practices occurred at her place of employment which was Leesburg, Virginia. See Declaration of Patricia Healey at ¶ 5. Second, all relevant employment records were maintained in Jamaica, New York, or Atlanta, Georgia, but not in Washington, D.C. See id. ¶¶ 6-8. Third, the alleged discrimination did not affect the location of Plaintiff's employment, so this too points to her place of work in Leesburg, Virginia as the proper venue. Finally, Defendant Department of Transportation may be found in the Eastern District of Virginia, in Alexandria, so the fourth basis for venue under Title VII's special venue provision

also indicates that venue is improper in D.C. Therefore, Plaintiff cannot establish venue in D.C. under any of the four possible bases in Title VII's special venue provision in section 2000e-5(f)(3). Accordingly, Plaintiff's Title VII claims should be dismissed or, in the alternative, transferred to the U.S. District Court for Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be granted. A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YANELLE STRONG-FISCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0265 (RWR) |
| ) | |
| MARY E. PETERS, Secretary, ) | |
| Department Of Transportation ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Should this Court treat defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 (c), defendant provides the following statement of material facts not in dispute:

1. Plaintiff's complaint alleges discriminatory and retaliatory treatment and a hostile work environment when she was employed by the Department of Transportation ("DOT"), Federal Aviation Administration ("FAA"), in Leesburg, Virginia. See R. 1 and Exhibit 3, hereto.

2. After seeking EEO processing before the agency involving the aforementioned claims, Plaintiff received a final agency decision ("FAD") on October 3, 2006. See Exhibits 1 & 2.

3. In the transmittal of the FAD, Plaintiff was given notice of her appeal rights. See Exhibit 1, p. 1. This notice provided, in pertinent part, that Plaintiff would have, "90 calendar days of your receipt of this action, [to] file a civil suit in an appropriate U.S. District Court." Id.

4. The 90-day period for filing a civil action ended on January 2, 2007. See Fed. R. Civ. 6(a)(3).

5. Plaintiff's civil action was filed until February 5, 2007. R. 1.

6.  The alleged unlawful employment actions occurred in the State of Virginia, Plaintiff's place of employment.  Exhibit 3 at ¶ 5.

7.  The records relating to Plaintiff's employment were kept in Jamaica, New York, and Atlanta, Georgia. Id. at ¶¶ 6-7.

8.  The place in which Plaintiff would have worked but for the alleged discrimination was Virginia. Id. at ¶ 5.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
YANELLE STRONG-FISCHER,            )
                                   )
         Plaintiff,                )
                                   )
         v.                        )    Civil Action No. 07-0265 (RWR)
                                   )
                                   )
MARY E. PETERS,  Secretary,        )
Department Of Transportation       )
                                   )
         Defendant.                )
_____)

ORDER

UPON CONSIDERATION of defendant's Motion to Dismiss or Transfer this case, the opposition and reply thereto, and it appearing that this Court does not have jurisdiction over plaintiff's claims on exhaustion and venue grounds, it is ____ day of _____, 2007

HEREBY ORDERED that the motion is granted. The case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE