## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
YANELLE STRONG-FISCHER,        )
                                          )
              Plaintiff,              )
                                          )
       v.                                )        Civil Action  No. 07-0265 (RWR)
                                          )
                                          )
MARY E. PETERS,   Secretary,     )
Department Of Transportation      )
                                          )
              Defendant.             )
_____)

### ERRATA TO DOCKET ENTRY #13

       Defendant inadvertently omitted the Exhibits to defendant's motion to dismiss or for

transfer filed this date. See Docket Entry #13.  These exhibits, *i.e.*, Exhibit 1-3, are attached

hereto.

                              Respectfully submitted,

                              _____/s/_____
                              CLAIRE WHITAKER, D.C. Bar # 354530
                              Assistant United States Attorney
                              United States Attorneys Office
                              Civil Division
                              555 4th Street, N.W., Room E-4204
                              Washington, D.C. 20530
                              (202) 514-7137

Exhibit 1

**U.S. Department of Transportation**

**Office of the Secretary Of Transportation**

Departmental Office of Civil Rights

**Washington Regional Office**
Nassif Building
400 Seventh Street, S.W. - Room 2104
Washington, D.C. 20590

CERTIFIED MAIL/7000 1530 0003 0499 2096
RETURN RECEIPT REQUESTED

September 27, 2006

Ms. Yanelle R. Strong-Fischer
c/o Mr. Brian Plitt, Esq.
1239 C Street, S.E., Suite 4
Washington, D.C. 20003

Ref:    DOT Complaint No. 2005-19092-FAA-02
        EEOC No. 100-2005-00924X

Dear Ms. Strong-Fischer:

We are transmitting the Final Order (FO) in your complaint of discrimination filed against the Department of Transportation and the Federal Aviation Administration (FAA).

At your request, your complaint was sent to the Equal Employment Opportunity Commission (EEOC) for a hearing before an Administrative Judge (AJ). That process has been completed and the AJ issued a decision finding no discrimination. We have reviewed and analyzed the entire record in the complaint, and are accepting and fully implementing the AJ's decision.

If you are dissatisfied with this final order, you have the following appeal rights:

Within 30 calendar days of your receipt of this final decision, you have the right to appeal this decision to the:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**P.O. Box 19848**
**Washington, DC 20036**

(EEOC Form 573, Notice of Appeal/Petition, enclosed for this purpose.)

Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court. The Court, at your request, may appoint and authorize legal counsel in circumstances that it deems just without the payment of



10/02/2006 15:57 FAX 2024935085     AGC30               → AEA-7      ☑003/018
Case 1:07-cv-00265-RWR     Document 14-2     Filed 11/20/2007     Page 3 of 18

2

fees, costs, or security. The granting or denial of the request is within the sole discretion of the Court.

You must name the person who is the official agency head or department head and his or her official title as the defendant in your appeal. In your case, you must name the following official as the defendant:

> The Honorable Norman Y. Mineta
> Secretary of Transportation
> 400 7th Street, S.W.
> Washington, DC 20590

Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

Please be advised that at the time you file any appeal or civil action, you must furnish a copy of the appeal documents to the following officials:

> Regional Director
> Washington Regional Office
> Departmental Office of Civil Rights
> Department of Transportation
> 400 7th Street, S.W., Room 2104
> Washington, DC 20590
>
> Jerry Mellody
> Assistant Chief Counsel
> Personnel and Labor Law Staff, AGC-30
> Office of the Chief Counsel
> Federal Aviation Administration
> 800 Independence Ave., S.W.
> Washington, D.C. 20591

Sincerely,

Tami L. Wright
Regional Director

Enclosures:    1) EEOC Decision dated September 14, 2006
               2) EEOC Form 573

cc:    Yanelle Strong-Fischer
       6945 Repose Place
       Ft. Belvoir, VA 22060
       w/Enclosures

AGC-30
w/Enclosure 1

AEA-9
w/Enclosure 1

Brendan Kelly, Esq.
Federal Aviation Administration
1 Aviation Plaza, Room 561
Jamaica, NY 11434
w/Enclousure 1

Richard E. Schneider
Administrative Judge
EEOC Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507
w/o Enclosures

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

Yanelle R. Strong-Fischer,                )
  Complainant,                   )
              )
    v.                  ) EEOC Case No. 100-2005-00924x
              )
Norman Mineta, Secretary,                  ) Agency Case No. 2005-19092-FAA-02
Department of Transportation,              )
  Agency.                         ) **SEP 14 2006**
              )

### ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated September 14, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the hearing record for the agency.

It is so ORDERED.

For the Commission:

         _Richard E. Schneider_
         Richard E. Schneider
         Administrative Judge

To:

Brian Flitt, Esq.
1239 C Street, S.E., Suite 4
Washington, D.C. 20003

Brendon Kelly, Esq.
Federal Aviation Administration
1 Aviation Plaza, Room 561
Jamaica, N.Y. 11434

Tami Wright, Director
Washington Regional Office
Departmental Office of Civil Rights
400 Seventh Street, N.W., Room 2104
Washington, D.C. 20590

## NOTICE TO THE PARTIES

### *TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### *TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

*WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON FIELD OFFICE
1801 L STREET, N.W., SUITE 100
WASHINGTON, D.C. 20507

| | | |
|---|---|---|
| Yanelle R. Strong-Fischer, | ) | |
| Complainant, | ) | |
| | ) | EEOC Case No. 100-2005-00924x |
| v. | ) | |
| | ) | Agency Case No. 2005-19092-FAA-02 |
| Norman Mineta, Secretary, | ) | |
| Department of Transportation, | ) | **SEP 1 4 2006** |
| Agency. | ) | |

### DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109(g) (2004). On November 16, 2005, the Commission issued an order explaining the legal standards for summary judgment.[1] The record before me consists of the Report of Investigation ("ROI"), the Agency's Motion for Summary Judgment, and the Complainant's opposition thereto ("Opposition").

The issue is whether the agency discriminated against the Complainant based on her race (African American), color (Black), sex (female), and reprisal (EEO activity and invoking the Family and Medical Leave Act ("FMLA")[2], when 1) on March 7, 2005, she was reassigned; and 2) on April 6, 2005, her supervisor refused to rescind her Letter of Resignation. ROI, Ex. C-2.

---

[1] The Commission's regulations are patterned after the procedures and guidelines for summary judgment set forth in the Federal Rules of Civil Procedure. *Pedersen v. Reno, Attorney General,* EEOC Request No. 05943339 (Feb. 24, 1995). Fed. R. Civ. P. 56 provides, "When a motion for summary judgment is made and supported as provided in this rule, . . . [t]he adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, *shall* be entered against the adverse party."

[2] As the Agency correctly pointed out to Complainant, invoking the FMLA is not protected activity within the purview of EEO reprisal. Accordingly, that basis is DISMISSED. ROI, Ex. C-2; *Lee v. United States Postal Service,* EEOC Appeal No. 01965341 (Sept. 4, 1998).

I find that the investigative record has been adequately developed, there are no genuine issues of material fact, and I have no need to make findings of fact or credibility. Both parties had the opportunity to engage in discovery. Complainant was given ample notice of the Agency's motion for summary judgment, the Agency provided a comprehensive statement of the allegedly undisputed facts, and Complainant responded to the Agency's motion. *Petty, Jr. v. Department of Defense*, EEOC Appeal No. 01A24206 (July 11, 2003); *see also Murphy v. Department of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003).

Complainant has satisfied the procedural prerequisites for a hearing, but the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). I find that the Complainant has not shown that there are any issues requiring a hearing and therefore issue summary judgment in favor of the Agency.

BACKGROUND

Complainant was an Environmental Supervisor, Manager, pay band J, within the Department of Transportation, Federal Aviation Administration, Airway Facilities, Washington Center, in Leesburg, Virginia. ROI, Ex. F-1-A at 1.

Complainant had worked in the Washington, D.C. area before moving to the Los Angeles Regional Office to care for her father. After he died, Complainant returned to the Washington area, and obtained a position as the Assistant Automation Supervisor. ROI, Ex. F-1-D at 3. Around October 2004, the position of Environmental Supervisor became available, and Complainant was reassigned to that position. *Id.*

-2-

On November 19, 2004, Complainant submitted a letter resigning from her position as the Environmental SSC Manager, to be effective five weeks later. ROI, Ex. F-2-A at 3. In her letter, Complainant wrote, "I've had the pleasure of working for some very talented and special executives for which I am extremely grateful. I will duly miss those who have helped guide and inspire me." *Id.* Her supervisor, Michelle Polar (Caucasian, white, female, no EEO activity), suggested that Complainant take twelve weeks of FMLA instead. *Id.*, ROI, Ex. F-1-D at 5. The reason Complainant intended to resign, and then sought the extended leave, was to adopt a child.

Thus, later the same day, on November 19, 2004, instead of giving five weeks notice of her resignation, Complainant requested twelve weeks of Family and Medical Act Leave (FMLA). ROI, Ex. F-2-A. Her request was approved, and her leave period began on December 24, 2004. ROI, Ex. F-1-D at 3-4.

While she was on leave, Michael Crompton (white male) was selected to be the Automation Supervisor. Later, Polar called Complainant at her home shortly before she was to return to work at the end of her twelve weeks of leave. At that time Polar told Complainant that Crompton would be moved into Complainant's position, Environmental Supervisor, and that she would be reassigned to Automation Supervisor, at the same pay and grade level.[3] Complainant said she told Polar that she felt discriminated against. ROI, Ex. F-1-B. However, according to Polar, a few days later Complainant called her, and said she was "okay" with the reassignments. ROI, Ex. F-1-C at 4.

Complainant's initial contact with an EEO Counselor was on March 4, 2005. ROI, Ex. B-1 at 4.

---

[3] Complainant contends the new position involved a reduction in responsibility, status, and terms and conditions of employment. *Opposition,* 10.

-3-

Complainant was to return to work after her FMLA leave on March 21, 2005. *Opposition*, Ex. 1 (Cp. Declaration at 28; Attach. excerpt from deposition of Cordon James, at 37-38. However, instead of returning to work, Complainant submitted a letter of resignation dated March 21, 2005, which was "effective immediately." *Opposition*, Attach. Powell Deposition at 77. This letter, addressed to Cordon James, her second level supervisor (Caucasian, white, male, no EEO activity), is reprinted here in full:

> This is to formally inform you that effective immediately, I hereby resign my position as SSC Manager at the Washington Center. This decision was reached with a great deal [of] hesitation as I believe there is much for me to offer the Agency.
>
> As a long time FAA employee, I have continually evolved, increasing my knowledge and responsibilities along the way. I've had momentous experiences playing as a team member while excelling in leadership roles in the field, regional office as well as FAA headquarters. As I look back, I recall the plethora of challenging projects which I have been proud to be associated with, ATOP and the AVA team to name a few.
>
> Perhaps more memorable, I've had the pleasure of working for some very talented and special executives for which I am extremely grateful. I will duly miss those who befriended me and fostered the drive which ignited each task I took on, whether large or small. I wish the agency much success in its future undertakings.
>
> Sincerely,
> ....

ROI, Ex. F-3-A.

Its not clear in the record how the letter was transmitted to the Agency, but James testified that by 7:00 a.m. Monday, March 21, 2005, he already had it in hand. Opposition, Attach. James Deposition at 43-44. James printed the letter, gave it to the Program Support Manager, and asked him to begin to process Complainant's resignation. ROI, Ex. F-1-D at 3.

-4-

The next day, Complainant telephoned James, and asked him to rescind her resignation. ROI, Ex. F-1-A at 3. She told him that she had made a "grave error in judgment based on emotion." *Id.* James told her that her resignation was already being processed, but that he would "think about it." *Id.* Later that day, James called her back, and asked her to come to a meeting the next day to discuss the matter. According to Complainant, she brought up other issues at the facility she believed were discriminatory. *Id.* at 4. At the meeting, she felt James was aggressive, hostile, and unprofessional, and called her a liar. *Id.* However, Ellis Powell (African American male), another supervisor who attended that meeting, stated that James was not hostile or argumentative, and did not call Complainant a liar. ROI, Ex. F-1-E at 3. Powell said that in response to Complainant's charge of discrimination, he asked her to provide an example, but she did not answer. *Id.* According to James, Complainant did say she was not going to pursue any EEO case. ROI, Ex. F-3-B at 7.

After the meeting, Complainant made several inquiries about the status of her resignation. It was not until April 6, 2005 that she received a letter from James stating that her resignation was not canceled.

## ANALYSIS

Absent direct evidence of discrimination, the complainant in a Title VII case must carry the initial burden under the statute of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of discrimination, Complainant must establish that she is in a protected group, and was treated less favorably than other similarly situated employees outside her protected group. *Arias v. Dep't of Interior*, EEOC No. 01942264 (Feb. 22, 1995).

-5-

To make out a prima facie case of retaliation, Complainant must show (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection existed between the protected activity and the asserted adverse action. *King v. Department of Defense*, 328 F.3d 145 (4th Cir, 2003)

However, whether Complainant has established a *prima facie* case loses its importance when the Agency, as in this case, responds to Complainant's charges by offering evidence of legitimate, nondiscriminatory reasons for its actions. *United States Postal Service Bd. of Gov. v. Aikens*, 460 U.S. 711, 717 (1983). Complainant then has to prove by a preponderance of the evidence that the proffered explanations are a pretext for unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

A.    Reassignment

The record does not indicate any evidence of discrimination against Complainant for either job action. Indeed, all of Complainant's written communications indicate she had a good working relationship with her co-workers and superiors. Whether reassignment during FMLA leave is prohibited is not before the Commission. Management explained that management routinely reevaluates its operations and assigns supervisors based on current operational needs. There simply is no evidence that Complainant's race, color, sex, or reprisal was a motivating factor for management. The fact that another employee, not of Complainant's protected classes, was reassigned into Complainant's position while she was on extended leave is not indicative, without more, of discrimination. *See Minority Police Officers Ass'n v. South Bend, Ind.*, 801 F.2d 964 (7th Cir. 1986). In a Title VII case, we look to the employer's motivation, not the applicant's perceptions, or even an objective assessment, of who is best for a particular position. It

-6-

is the employer's motivation and intent, not its business judgment, that is at issue. *Wrenn v. Gould*, 808 F.2d 493 (6th Cir. 1987)

## B.   Resignation

Office of Personnel Management regulations address resignations at 5 C.F.R. Part 715. Complainant argues that the Agency violated § 715.202(b), which provides: "An agency may permit an employee to withdraw his resignation at any time before it has become effective. An agency may decline a request to withdraw a resignation before its effective date only when the agency has a valid reason and explains that reason to the employee." *Id.*

Complainant argues that in violation of this regulation, the Agency wrongly refused to accept her attempt to withdraw her resignation. As noted, Complainant draws her argument from 5 C.F.R. § 715.202(b). However, § 715.202(b) never comes into play because of the provisions of § 715.202(a): "An employee is free to resign at any time, to set the effective date of his resignation, and to have his reasons for resigning entered in his official records." That is, it is the employee, not the employer that determines the effective date of a resignation. *Robinson v. United States Postal Service*, 50 M.S.P.R. 433 (1991); *Rivas v. United States Postal Service*, 57 M.S.P.R. 489 (1993).

One may presume Complainant meant what she wrote in her March 21, 2005 resignation letter. Compare her March 21st resignation "effective immediately" with her November 19, 2004, resignation which was to be "[e]ffective five weeks from the date of this letter." ROI, Ex. F-2A at 3. Moreover, there is another indication of Complainant's intent at the time she submitted her letter of resignation on March 21, 2005, which was the day Complainant was supposed to return to work at the conclusion of her twelve weeks of FMLA leave. She did not report to work

-7-

that morning, which was consistent with her intent to resign that day. An Agency is entitled to rely on an employee's expression of a present intent to resign when that expression is definite and unequivocal. *Balagot v. Dep't of Defense*, 102 M.S.P.R. 96 (2006).

Complainant's SF-50 form, shows [box 4] "Effective Date 03-21-05", and [box 49] "Approval Date 03-30-05." Complainant argues that because the approval date was not until March 30, 2005, that was the effective date, which was after she notified management that she wanted to withdraw her resignation, and after her meeting with Cordon James, during which he made statements indicating a discriminatory and retaliatory motive. Thus, she argues, the Agency's obligation to accept her withdrawal was in effect. 5 C.F.R. § 715.202(b). However, the underlying premise is incorrect. The approval date of an SF-50 forms does not establish the "effective date" of a personnel action; only the "Effective Date" can establish the effective date, not the date the resignation is memorialized or acted upon by the agency. *Rivas v. United States Postal Service*, 59 M.S.P.R. 489 (1993). In fact, whether an agency ever ratifies a resignation is irrelevant to its validity or effective date. *Anderson v. Office of Personnel Management*, 11 M.S.P.R. 60 (1982).

When the Agency provided a reason for declining to allow Complainant to withdraw her resignation (here, by letter dated April 4, 2005), or even *whether* the Agency ever gave a reason, is irrelevant, because once the resignation became effective -- in this case "immediately" -- the Agency had no obligation at all to allow withdrawal or even to give any reason for refusing to do so. *Robinson*, supra. (citing *Anderson v. Office of Personnel Management*, 11 M.S.P.R. 60 (1982)); *Jostsons v. United States Postal Service*, 58 M.S.P.R. 74 (1993); *cf. Frierson v. Air Force*, EEOC Appeal No. 01913569 (Dec. 20, 1991)(employee resigned after filing an EEO

complaint, so the potential remedy could no longer include an offer to return the employee to the status quo preceding his initial complaint).

Finally, there is no issue whether the Agency could have accepted Complainant's withdrawal of her resignation. A resignation results in the employee's complete separation from employment, which, after it becomes effective, may thereafter not be revoked or withdrawn by the employee. *Collier v. Office of Personnel Management*, 29 M.S.P.R. 38 (1985).

In summary, Complainant's resignation was effective before she attempted to withdraw it. What the Agency did afterwards is immaterial.[4]

The Complainant has not proffered evidence from which I could conclude that there are any genuine issues of material fact necessitating a hearing. The Agency is therefore entitled to summary judgment.

Richard E. Schneider
Administrative Judge

---

[4] *Distinguish Pickett v. Dep't of the Treasury*, EEOC Appeal No. 019111653 (Oct. 16, 1991). where the Agency withdrew the employee's resignation after his physician provided the employee's medical history, clinical findings, diagnosis and prognosis, which arguably affected his mental capacity to make such decisions.

To:

Brian Plitt, Esq.
1239 C Street, S.E., Suite 4
Washington, D.C. 20003

Brendon Kelly, Esq.
Federal Aviation Administration
1 Aviation Plaza, Room 561
Jamaica, N.Y. 11434

Tami Wright, Director
Washington Regional Office
Departmental Office of Civil Rights
400 Seventh Street, N.W., Room 2104
Washington, D.C. 20590

Exhibit 2

USPS - Track & Confirm                                              Page 1 of 1





Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: 7000 1530 0003 0499 2096
Status:

Your item was delivered at 4:52 pm on October 03, 2006 in
WASHINGTON, DC 20003. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

---

**Track & Confirm**

Enter Label/Receipt Number.

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 2005-19092-FHA-02

Ms. Yanelle R. Strong-Fischer
c/o Mr. Brian Plitt, Esq.
1239 C Street, S.E., Suite 4
Washington, D.C. 20003

Ref: FD

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X   BNA Pub                          □ Agent
                                      □ Addressee

B. Received by (Printed Name)         C. Date of Delivery
                                        10/3/06

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

Domestic Return Receipt               102595-02-M-1540

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YANELLE STRONG-FISHER,          )
      Plaintiff,              )
                           )
      v.                       )          Civil Action No. 07-265 (RWR)
                           )
                           )
MARY E. PETERS, Secretary,      )
United States Department of Transportation )
      Defendant.               )

## DECLARATION OF PATRICIA HEALEY

I, Patricia Healey, hereby state under penalty of perjury the following facts:

1. I am currently employed by the Federal Aviation Administration (FAA), Eastern Region, as Director, Human Resource Management Office, at the FAA's Eastern Region Headquarters, located in Jamaica, NY, 11430.

2. As Director of FAA's Eastern Region Human Resource Management Office, I am familiar with the FAA's system of personnel records and the location of various types of employment records relevant to FAA employees within the FAA's Eastern Region.

3. In March, 2005, Ms Strong-Fisher was considered an employee of the FAA Eastern Region.

4. She held the position of Environmental Supervisor, Manager, pay band J.

5. Ms Strong-Fisher's place of work was the FAA's Chesapeake System Management Office (Chesapeake SMO) located in Leesburg, VA.

6. All records concerning Ms Strong-Fisher's employment with the FAA would have been maintained in FAA Regional Headquarters in Jamaica, New York until approximately February, 2005.

7. Subsequent to approximately February, 2005 all of Ms Strong-Fisher's personnel records were transferred to and maintained in Atlanta, Georgia.

8. At no time were personnel records concerning Ms Yanelle Strong-Fisher maintained in Washington DC.

I, PATRICIA HEALEY, Director, Human Resource Management Office, declare under penalty of perjury that the aforementioned information is true and correct to the best of my knowledge and ability.

_Patricia Healey_
PATRICIA HEALEY

_October 9, 2007_
Date