## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**YANELLE STRONG-FISCHER**

    **v.**                                        **1:07-CV-265 RWR**

**MARY PETERS, SECRETARY**
    **DEPARTMENT OF TRANSPORTATION**

### MS. STRONG-FISHER'S RESPONSE TO DEFENDANT'S MOTION FOR TRANSFER AND TO DISMISS

COMES NOW, Ms. Yanelle Strong (formerly Strong-Fischer), by and through counsel, and files her Response to Defendant's Motion for Transfer and to Dismiss, for the following reasons:

Ms. Strong-Fischer opposes Defendant's Motion for the reasons set out in the accompanying Memorandum of Points and Authorities and respectfully requests that the Motion be denied.

A proposed Order is also submitted with this motion.

                                    Respectfully considered,
                                      /s/
                                      Brian C. Plitt, Attorney at Law
                                      1519 Constitution Ave, N.E., 201
                                      Washington, D.C.  20002

                                      Attorney for Ms. Yanelle Strong-Fischer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**YANELLE STRONG-FISCHER**

    **v.**                                                    **1:07-CV-265 RWR**

**MARY PETERS, SECRETARY**
    **DEPARTMENT OF TRANSPORTATION**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MS.
STRONG-FISHER'S RESPONSE TO DEFENDANT'S MOTION FOR TRANSFER
AND TO DISMISS

COMES NOW, Ms. Yanelle Strong (formerly Strong-Fischer), by and through

counsel, and submits this memorandum of points and authorities in support of the

accompanying Response to Defendant's Motion for Transfer and to Dismiss, and hereby

respectfully states the following in support:

Summary

Venue is proper in the District of Columbia as sufficient minimum contacts exist

in the District of Columbia to retain venue.

Ms. Strong-Fischer exhausted administrative remedies by pursuing this case

through the EEOC administrative process.

This filing is timely, or should be regarded as timely because Mr. Plitt filed this

case within 90 days of receiving notice addressed to him of the Final Order on November

7, 2006.

Factual Background

As Ms. Strong-Fischer has testified earlier in her administrative proceedings in

Declaration, she began work with the FAA in 1989.

In July 1997, she became a GS-14 Management Program Analyst at the FAA Headquarters in Washington, D.C.

She continued in Washington, D.C. FAA Headquarters as a GS-15 Program Manger during 1999-2001.   She then completed a special assistant program through June 2003 and a 60 day detail.

After a temporary relocation to California, she then returned to the Washington, D.C. area.  She was carried as a "AWA" (Washington Headquarters) employee.

She was again detailed to the FAA Washington D.C Headquarters (Plitt Declaration Ex. 6 at 11, Petition, para. 9) , and then returned to assignment at SMO Chesapeake located at Leesburg, Va.

She learned that during her time at Washington, D.C., some of her co-workers had taken some actions she believed to be discriminatory, including appointing a less qualified male as an Environmental Supervisor.  Petition, paras. 4-9.  Ms. Fisher lobbied for the position and replaced the male as Environmental Supervisor, eventually passing probation and receiving  recognition for outstanding performance.  Petition, paras 11-13. However, after taking approved FMLA adoption leave during 11/04-3/05, Ms. Fischer learned that management had decided to replace her as Environmental Supervisor with a less qualified male, and transfer her to a substantially less responsible position with substantially less favorable working conditions, which she viewed as discriminatory and opposed.  Petition, para. 12-24.

On March 21, 2005,  Ms. Fischer submitted a resignation letter, which she immediately withdrew before it was processed, however after meeting with her supervisor and explaining, at his urging, some of the actions she felt were discriminatory

and which created a hostile work environment, he stated he would consider whether to allow her to withdraw her resignation.  Petition, paras 25-29).  After he was notified Ms. Strong Fisher contacted the DOT EEO office, he sent a memo to her stating that her resignation "stands," effectively terminating her employment.  Petition, paras. 30-33. Ms. Strong Fisher's Petition raises issues under Title VII, 42 U.S.C. 1981, and common law of constructive discharge.   Petition, paras. 39-42


Procedure

    Ms. Fisher exhausted her administrative remedies by going through the  EEOC administrative process.  The Department of Transportation (DOT) Final Agency Decision addressed to her attorney was received by him on November 7, 2006.   This suit was filed within 90 days of that date, on February  5, 2007.  The Defendants have been served within the time allowed by this Honorable Court, allowing for reasonable extensions of time

    The Defendant has filed a motion to dismiss this case for failure to exhaust administrative remedies on a timely basis and for failure to serve Defendant within the time prescribed by the rules of Court, pursuant to Fed. R. Civ. Proc. 12(b)(1),(2) and (6). Defendant also moves to transfer venue to the U.S. District Court for the Eastern District of Virginia. .


 Venue

        Venue is proper where certain minimum contacts exist making it reasonable for a case to remain.  Many of the significant employment actions relevant in this case

occurred in or involved contact with the District of Columbia.  The FAA's Headquarters is located in the District of Columbia.  Ms. Strong-Fisher's central cause of action is that the FAA created a hostile work environment and then discriminatorily  and in reprisal failed to honor her request to rescind her resignation before it was processed and approved, essentially terminating her employment.  (Petition paras. 4-42).

Pursuant to 42 U.S.C. Sec. 2000(e)-5(f)(3), venue is proper in any judicial district (1) in which the unlawful employment practice is alleged to have been committed and (2) in which the employment records are maintained and administered and (3) in which the aggrieved person would have worked but for the unlawful employment practice.

Here, there are sufficient minimum contacts with Washington, D.C. to maintain venue in this Honorable Court.  As stated above, Ms. Strong-Fischer had a background of having worked in Washington D.C.

Significantly Ms. Fisher's complaint alleges discriminatory and retaliatory treatment and a hostile work environment during the time she was carried as a "AWA" "Washington Headquarters" employee.  Reviewing the corporate memoranda attached at Exhibits 2 and 4, relating to the events of discrimination in this case, Ms. Strong-Fischer is addressed as a "AWA" Washington Headquarters employee while others, such as her supervisor, James, have the address "AEA" or Eastern Region.

The allegedly discriminatory treatment occurred both during the time she was detailed to Washington, D.C. (Petition, para. 9, Declaration of Brian Plitt, Exhibit 6 at 11) and during the time she was employed at the Chesapeake SMO in Virginia.

Ms. Strong-Fisher communicated to Washington, D.C. headquarters "AWA" during the time of the crucial alleged unlawful employment actions in this a case including the time she submitted her letter of resignation (Petition para. 25)(Exhibit 3—with 4 of ten addressees being "AWA" Washington Headquarters employees) and the FAA communicated to Washington, D.C. headquarters after she contacted the EEO Department (Petition para. 30).

The FAA is headquartered in Washington, D.C.  Several witnesses are employed in Washington D.C.  See Exhibits 3 above (AWA employees Long, Boshnack, Sherry Taylor, Russ Chew).  Upon information and belief, some records may be located in Washington, D.C.  During the administrative process, the lead Agency Representative designated, Jerry Mellody, was headquartered in Washington, D.C.  See Exhibit 5.

Timeliness of Filing

With respect to the timeliness of the suit issue, Ms Strong- Fischer went through the administrative process in her EEOC case No. 2005-00924.

Mr. Plitt entered his appearance for Ms. Strong-Fischer in the Fall of 2005. Declaration of Brian Plitt, Exhibit 6 at 2.

Pursuant to EEO regulations the Agency DOT was required to serve both myself and Ms. Strong-Fischer with any documents related to that proceeding.

Under EEOC regulations, after designation of a representative, "all official correspondence shall be with the representative, which copies to the complainant." Further, " service of documents and decisions…shall be made on the attorney…and time frames for receipt of materials by the complainant shall be computed from the time of receipt by the attorney."  29 C.F.R. 1614.605(d).

The EEOC has held that its regulations on serving both the complainant and her representative are mandatory and therefore that the limitations period for appeal do not begin to run until the representative receives the final agency decision, after the employee has been served. <u>Bergesen v. Postmaster General,</u> 05880790, 2014/C12 (1988).

On October 3, 2006, the Agency Final Decision in Ms. Strong-Fischer's case addressed to "Ms. Strong-Fischer c/o Brian Plitt, Esq." was received at his business address. Agency Exhibit 1. This was signed for by Mr. Plitt. Agency Exhibit 2.

On November 7, 2006, another copy of the Agency Final Decision in Ms. Strong-Fischer's case addressed to "Brian Plitt, Esq c/o Ms. Strong-Fischer" was received and signed for in certified envelope # 7003 2260 0001 7717 from DOT. Declaration of Brian Plitt, Ex 6, at 4; Certified Envelope attached to this Memorandum as Exhibit 1. Mr Plitt noted in pencil on the envelope the date "rec'd 7/06." The envelope, contained a transmittal of the Agency Final Order addressed to "Brian Plitt, Esq.," and stating that within 90 calendar days of receipt of this action, he could file a civil suit in an appropriate U.S. District Court on Ms. Strong-Fischer's behalf. The 90 day period of time for filing a civil action, according to that notice, ended on February 5, 2007.

Mr. Plitt then filed the present civil suit, on Ms. Strong-Fischer's behalf within 90 calendar days of that notification to him, on February 5, 2007.

Given the above, Ms. Strong-Fischer's filing of her appeal must be regarded as timely. By 2006, Ms. Strong Fisher was represented by Brian Plitt, Esq. The Agency chose to send two certified copies of its FAD. He received his certified notice of the FAD in her administrative case on November 7, 2006. He then proceeded to file this

federal suit within 90 calendar days, as allowed by his notice, by February 5, 2007.   It is

not disputed that Ms. Strong-Fischer's civil action was filed on February 5, 2007.

As above, the filing here was timely.  Even if it were unclear as to which notice

should be given deference on this issue, the EEOC Commission, in reviewing the

timeliness of its appeals, has stated it should assess the situation in the light most

favorable to the appellant.  Brown v. Postmaster General, 05890332, 2290/B12 (1989).

Even if a question were raised as to whether of not filing were to be possibly

considered as untimely, the period of time should be equitably extended on tolling or

equitable estoppel grounds.  As to equitable estoppel, the Agency presented Ms. Fischer

(and through counsel) with two separate transmittals of the FAD in her case, on two

separate dates, October 3, 1996 and November 7, 1996, each stating that she or he

"may" file a civil suit in District Court "within 90 calendar days of your receipt of this

action."

It is very questionable whether the Agency complied with the EEOC's requirements

to serve both Ms. Fischer and her Attorney by sending two notices to his offices one

addressed to "Ms. Yanelle R. Strong-Fischer c/o Brian Plitt, Esq." and the other "Brian

Plitt, Esq. c/o Yanelle R. Strong-Fischer."  Clearly, it would seem reasonable to believe

that a plaintiff should be able to equitably and reasonably rely upon the Department of

Transportation's affirmative representations contained in the second (Nov. 7, 2006)

notice that suit "may" be filed within 90 days of receipt of that notice.  See Declaration of

Brian Plitt, Exhibit 6 at 4.  See e.g. Meyer v. Riegel Products Corporation, 720 F.2d 303

(3rd Cir. 1983) (allowing equitable estoppel).

Finally, if necessary, it would be just and equitable to impose equitable tolling of the time for filing. As outlined in his Declaration, Ms. Strong-Fischer's counsel was involved in the months of October-December 2006, and the first two weeks in January 2007, with the primary care of his hospitalized father, who passed away on January 1, 2007. Under the circumstances, it would have been difficult for Ms. Strong-Fischer to reasonably access the services of her attorney. After the funeral, upon contact with Ms. Fischer in January, Ms. Strong-Fischer's counsel promptly filed this cause of action on February 5, 2007. Further, Ms. Strong-Fischer's counsel filed the cause of action within 90 days of his receipt of the Agency 11/7/06 FAD notice to him as counsel.

In any event, Ms. Strong-Fischer's claims for violation of 42 U.S.C. 1981 (Petition, paras. 40-41) and common law constructive discharge (Petition para. 42) are not affected by any of the above arguments.

With respect to serving the Defendant within 120 days, the record in this case shows that an enlargement of time was necessary and approved in order to perfect service and Ms. Strong-Fischer satisfied the Court that service was perfected.

WHEREFORE, PREMISES CONSIDERED, Ms. Strong-Fisher respectfully requests that, the Motion to Dismiss or to transfer Venue be denied and that this matter be set for initial scheduling hearing.

Respectfully submitted,
/s/
Brian C. Plitt, Attorney at Law
1519 Constitution Ave, N.E., 201
Washington, D.C. 20002

Attorney for Ms. Yanelle Strong-Fischer

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**YANELLE STRONG-FISCHER**

    **v.**                                **1:07-CV-265 RWR**

**MARY PETERS, SECRETARY**
        **DEPARTMENT OF TRANSPORTATION**

MS. STRONG-FISCHER'S STATEMENT OF MATERIAL FACTS IN DISPUTE

Should this Court treat defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. Proc. 56 (c), Ms. Strong (formerly Strong-Fischer) hereby provides the following statement of material facts in dispute (numbers correspond to those in defendant's statement:

1. Ms. Fisher's complaint alleges discriminatory and retaliatory treatment and a hostile work environment during the time she was carried as a "AWA" "Washington Headquarters" employee. This treatment occurred both during the time she was detailed to Washington, D.C. (Petition, para. 9, Declaration of Brian Plitt, Ex. 6 at 11) and during the time she was employed at the Cheseapeake SMO in Virginia. The FAA is headquartered in Washington, D.C. Several witnesses are employed in Washington D.C. See Exhibits 2.

4. By 2006, Ms. Strong Fisher was represented by Brian Plitt, Esq. in the preceeding administrative case, Fisher v. DOT, EEOC 100-2005-00924. The transmittal of the Final Agency Decision ("FAD") in Ms. Strong-Fischer's preceeding administrative case addressed to "Mr. Brian Plitt, Esq." was received and signed by him by certified mail receipt on November 7, 2006. Declaration of Brian Plitt, Ex. 6 at 5. The 90 day period of time for filing a civil action,

according to that notice, ended on February 5, 2007.  Declaration of Brian Plitt, Ex. 6 at 5-6.

5.  It is not disputed that Ms. Strong-Fischer's civil action was filed on February 5, 2007.

6.  Ms. Fisher's complaint alleges discriminatory and retaliatory treatment and a hostile work environment during the time she was carried as a "AWA" "Washington Headquarters" employee.  This treatment occurred both during the time she was detailed to Washington, D.C. (Petition, para. 9, Declaration of Brian Plitt, Ex. 6 at 11) and during the time she was employed at the Cheseapeake SMO in Virginia.  Ms. Strong-Fisher communicated to Washington, D.C. headquarters "AWA" during the time of the crucial alleged unlawful employment actions in this a case including the time she submitted her letter of resignation (Petition para. 25)(Exhibit 3—containing 4 of 10 addressees at FAA Washington Headquarters "/AWA/" on the emails)  and the FAA communicated to Washington, D.C. headquarters after she contacted the EEO Department (Petition para. 30).

7.  The FAA is headquartered in Washington, D.C.  Several witnesses are employed in Washington D.C.  See Exhibits 3 (Long, Zaidman, Boshnack, Taylor).  Upon information and belief, some records may be located in Washington, D.C.

Respectfully submitted,
/s/
Brian C. Plitt, Attorney at Law
1519 Constitution Ave, N.E., 201
Washington, D.C.  20002

Attorney for Ms. Yanelle Strong-Fischer





**partment of
ortation**

of the Secretary
portation

ENTAL OFFICE OF CIVIL RIGHTS
h St., S.W.
, D.C. 20590-0001

iness
Private Use $300

7003 2260 0001 7717 4252

retum 7/06

Mr. Brian Plitt, Esq.
c/o Yanelle Strong-Fischer
1239 C Street, S.E., Suite 4
Washington, D.C. 20003



Les James/AEA/FAA         To   Yanelle Strong-Fischer/AWA/FAA
03/18/2005 01:05 PM       cc   Michelle Polar/AEA/FAA, Ellis L Powell/AEA/FAA

                          bcc

                          Subject   3/18 Telephone Conversation

Yanelle,

Just a follow up note to our 1pm conversation in which you stated that you do not need leave during the week of 3/21. Therefore, we look forward to your return as the ZDC Automation SSC Supervisor at 8am on 3/21.

Thank you in advance,
Les James, Chesapeake Bay SMO Mgr.
703-771-3600 (office)
703-915-5132 (cell)



"Yanelle Strong-Fischer"
<yanelle@mindspring.com>

03/21/2005 04:49 AM

To    Les James/AEA/FAA@FAA, Michelle Polar/AEA/FAA@FAA, Bob Long/AWA/FAA@FAA, Steve Zaidman/AWA/FAA@FAA, Barry Boshnack/AEA/FAA@FAA, Debbie Johnson/ASO/FAA@FAA, <felix.enriquez@faa.gov>, <teresa.hudson@faa.gov>, Sherry Taylor/AWA/FAA@FAA, Russ Chew/AWA/FAA@FAA

cc

bcc

Subject    Letter of Resignation

History:          🖅  This message has been forwarded.

Please see attached.

Thank you.

Yanelle Resignation.pdf

Exhibit F.3.B
Page 2 of 7

Yanelle Strong-Fischer
6945 Repose Place
Fort Belvoir, VA. 22060

March 21, 2005

Cordon James
C/o Michelle Polar
Federal Aviation Administration
825 E. Market Street
Leesburg, VA. 20176

Dear Mr. James,

This is to formally inform you that effective immediately, I hereby resign my position as
SSC Manager at the Washington Center. This decision was reached with a great deal
hesitation as I believe there is much for me to offer the Agency.

As a long time FAA employee, I have continually evolved, increasing my knowledge and
responsibilities along the way. I've had momentous experiences playing as a team
member while excelling in leadership roles in the field, regional office as well as FAA
headquarters. As I look back, I recall the plethora of challenging projects which I have
been proud to be associated with, ATOP and the AVA team to name a few.

Perhaps more memorable, I've had the pleasure of working for some very talented and
special executives for which I am extremely grateful. I will duly miss those who
befriended me and fostered the drive which ignited each task I took on, whether large or
small. I wish the agency much success in its future undertakings.

Sincerely,

Yanelle Strong-Fischer

Exhibit F.3.B
Page 3 of 7

FILE



Yanelle
Strong-Fischer/AWA/FAA
03/23/2005 03:05 PM

To    Les James/AEA/FAA

cc

bcc

Subject   Request to Rescind my letter dated 3/21/05

Les,

This email is to document my request to rescind my resignation letter dated March 21, 2005. I first made this request with a phone call to you on March 22, 2005.

Thank you

Yanelle



**U.S. Department of**          Departmental Office of          Washington Regional Office
**Transportation**             Civil Rights                    ,400 7th Street, S.W., Room 2104
                                                               Washington, DC 20590

Office of the Secretary
Of Transportation

## FEDERAL EXPRESS

SEP 5 6 2005

Ms. Shirley Johnson
Legal Technician/Hearing Unit
EEOC, Washington Field Office
1801 L Street, N.W., Suite 100
Washington, DC 20507

RE:  DOT Complaint No. 2005-19092-FAA-02, Yanelle Strong-Fischer vs.
     Norman Y. Mineta, Secretary, Department of Transportation

Dear Ms. Johnson:

The Department of Transportation requests that you assign an Administrative Judge to
conduct a hearing in the complaint of Ms. Yanelle Strong-Fischer, an employee of the
Federal Aviation Administration.  Enclosed please find a copy of the administrative and
investigative file.

The Agency Representative for the hearing is as follows:

> Jerry Mellody
> Assistant Chief Counsel
> Personnel Labor and Law Staff, AGC-30
> Federal Aviation Administration
> 800 Independence Avenue, SW
> Washington, DC 20591

Note that the appropriate authorizations, as outlined under Section 1614.109 of the
Commission's regulations, are hereby issued to the designated Administrative Judge in this
case.

At the completion of the hearing for the above-referenced complaint, the transcript, case
file and the Administrative Judge's decision should be sent directly to:

> Tami L. Wright, Director
> Washington Regional Office
> Departmental Office of Civil Rights
> 400 Seventh St., NW, Room 2104
> Washington, DC 20590

Please copy me on all correspondence regarding this case. Thank you for your cooperation. If you have any questions regarding this matter, please contact me at (202) 366-0440, TTY (202) 366-0663, or by electronic mail at Tami.Wright@dot.gov.

Sincerely,

Tami L. Wright, Direcotr
Washington Regional Office
Departmental Office of Civil Rights


Enclosures:    1. Administrative File
               2. Investigative File

cc:    Yanelle Strong-Fischer
       6945 Repose Place
       Ft. Belvoir, VA 22060
       w/Enclosure 1

       ACR-1
       w/o Enclosures

       AGC-30
       w/Enclosure 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**YANELLE STRONG-FISCHER**

    **v.**                                           **1:07-CV-265 RWR**

**MARY PETERS, SECRETARY**
           **DEPARTMENT OF TRANSPORTATION**

<u>DECLARATION OF BRIAN C. PLITT</u>

1. My name is Brian C. Plitt, I am plaintiff's counsel in this case.

2. I entered my appearance for Ms. Strong-Fischer in the Fall of 2005, in her preceeding administrative proceeding, EEOC case, No. 100-2005-00924X.

3. At that time, pursuant to EEO regulations the Agency DOT was required to serve both myself and Ms. Strong-Fischer with any documents related to that proceeding.

4. On November 7, 2006, after the Agency entered a Final Order I received and signed receipt for a certified envelope # 7003 2260 0001 7717 from DOT, attached to the Memorandum as Exhibit 1. I noted on pencil on the envelope that date "rec'd 11/7/06." The envelope, addressed to me at my business address and picked up at the post office, contained, as I recall, a transmittal of the Agency Final Order addressed to me, Brian Plitt, Esq., and stating that within 90 calendar days of receipt of this action, I could file a civil suit in an appropriate U.S. District Court on Ms. Strong-Fischer's behalf.

5. I have passéd the above information to the United States Attorney and requested the Agency to verify this information.

6. I then filed the present civil suit, on Ms. Strong-Fischer's behalf within 90 calendar days of that notification to me, on February 5, 2007.

7. During the period of time of October and November 2006 my father was hospitalized in Washington, D.C., with a very serious stroke and then was in Rehabilitation Hospital here in Washington, D.C. and I was in attending him full time as primary caregiver and as acting health care proxy.

8. In December, my father was hospitalized again with an even more serious stroke in New York, leading to a coma. I again attended him full time as primary caregiver and as acting health care proxy. Sadly, my father passed away on Jan. 1, 2007.

9. Following the funeral, I returned to Washington, D.C.  Ms. Fischer expressed a desire to proceed with the appeal in federal court and so I prepared and filed this federal suit.

10.  It would have been difficult to be available for filing a federal suit during the time of my Father's illness and hospitalizations during 10-12/06, and 1/07.

11.  The detail Ms. Fisher describes in para. 9 of her complaint was a detail to the Washington, D.C. regional headquarters.

I hereby state the foregoing under penalty of perjury is true and correct, to the best of my knowledge, information and belief.  Executed on this 21st day of March, 2008.

/s/_____
Brian C. Plitt

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**YANELLE STRONG-FISCHER**

**v.     1:07-CV-265 RWR**

**MARY PETERS, SECRETARY**
**        DEPARTMENT OF TRANSPORTATION**

<u>ORDER</u>

Upon consideration of the Defendant's Motion to Transfer or to Dismiss,  Ms.

Strong-Fischer's Response to Defendant's Motion, and any Reply, it hereby appears that

the Motion should be and hereby is DENIED and it is hereby ORDERED that a

scheduling conference will be set for _____.

SO ORDERED, this ___ day of _____, 2008.


_____
United States District Judge