UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                              )
**YANELLE STRONG-FISCHER,**   )
                              )
        Plaintiff,            )
                              )
     v.                       )  Civil Action No. 07-265 (RWR)
                              )
**MARY PETERS,**              )
                              )
        Defendant.            )
_____  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Yanelle Strong[1] brings this suit against the Secretary of Transportation, alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The Secretary has moved to dismiss, arguing that Strong failed to meet the deadline under Title VII for filing suit in federal court, and failed to timely effect proper service as is required under Federal Rule of Civil Procedure 4. Because Strong's Title VII claims are time-barred and she is not entitled to equitable tolling, the Secretary's motion to dismiss those claims, treated as a motion for summary judgment, will be granted.[2] However, because Strong served the

---

[1] Plaintiff's name was formerly Strong-Fischer.

[2] Since Strong's Title VII claims will not survive, the Secretary's alternative argument that the Title VII claims must be dismissed for lack of venue or transferred to the United States District Court for the Eastern District of Virginia need not be addressed.

- 2 -

Secretary within the time afforded to her by the court, Strong's § 1981 claim will survive the Secretary's motion to dismiss.

BACKGROUND

Strong submitted a letter of resignation as an employee of the Federal Aviation Administration, but sought unsuccessfully to rescind her resignation. She alleges that she was subjected to racial and sexual discrimination, retaliation, and a hostile work environment which culminated in her supervisor's refusal to rescind her resignation. Strong filed a formal charge with the Equal Employment Opportunity Commission ("EEOC"), and after the EEOC rendered a final agency decision ("FAD"), Strong's attorney, Brian Plitt, received a letter on October 3, 2006 informing Strong of her right to file a civil suit in federal district court. (See Def.'s Mem. of P. & A. in Support of Def.'s Mot. to Dismiss or Transfer ("Def.'s Mot.") Exs. 1, 2.) Plitt also received an additional copy of the letter on November 7, 2006. (See Pl.'s Mem. of P. & A. in Support of Pl.'s Response to Def.'s Mot. to Dismiss or Transfer ("Pl.'s Opp'n") at 6 & Ex. 1.) On February 5, 2007, Strong filed the instant complaint.

The Secretary has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Title VII claims, arguing that Strong failed to file her complaint within ninety days of Plitt's receipt of the first letter, as is required by Title VII. The Secretary also alleges that Strong failed to timely serve

process.  Strong opposes, insisting that her complaint was timely because she filed it within ninety days of Plitt's receipt of the second letter, and that even if she were deemed to have missed the deadline, she is entitled to equitable tolling.  Strong also insists that she served the Secretary within the time afforded to her by the court.

## DISCUSSION

A party may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  "A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint." DePippo v. Chertoff, 453 F. Supp. 2d 30, 33 (D.D.C. 2006) (citing Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998)).  A court should grant a pre-discovery motion to dismiss on statute of limitations grounds "only if the complaint on its face is conclusively time-barred."  DePippo, 453 F. Supp. 2d at 33 (citing Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).  "If 'no reasonable person could disagree on the date' on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds."  DePippo, 453 F. Supp. 2d at 33 (quoting Smith v. Brown & Williamson Tobacco Corp., 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998)).

- 4 -

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Since matters beyond the pleadings will be considered,[3] the Secretary's motion will be treated as one for summary judgment. See Mulhall v. Dist. of Columbia, 747 F. Supp. 15, 19 (D.D.C. 1990).

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[4] Fed. R. Civ. P. 56(c); Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002). The relevant inquiry "is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

---

[3] See Pl.'s Opp'n Ex. 1 (copy of front of envelope from the Secretary addressed to Plitt in care of Strong with handwritten note stating "[received] 11/7/06[.]"; Def.'s Mot. Ex. 1 (copy of FAD letter addressed to Strong in care of Plitt dated September 27, 2006); id. Ex. 2 (copy of United States Postal Service confirmation of mailing addressed to Strong in care of Plitt delivered on October 3, 2006).

[4] While the exhibits considered outside the pleadings here are not depositions, interrogatory answers, admissions, or affidavits, neither party challenges their authenticity or accuracy.

- 5 -

of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that is capable of affecting the outcome of the litigation. Id. at 248. A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," id., as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." Id. at 251-52. The burden falls on the moving party to provide a sufficient factual record that demonstrates the absence of a genuine issue of material fact. See Beard v. Banks, 126 S. Ct. 2572, 2578 (2006). "Once the moving party has carried its burden . . . [t]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." Taylor v. Blakey, 490 F.3d 965, 972 (D.C. Cir. 2007) (internal quotations and citation omitted) (emphasis in original). In considering a motion for summary judgment, all "justifiable inferences" from the evidence are to be drawn in favor of the nonmovant. Anderson, 477 U.S. at 255.

"Federal employees may . . . bring Title VII lawsuits in federal district court [only] if they have exhausted remedies available through administrative processes and filed suit within 90 days of final administrative action." Price v. Greenspan, 374 F. Supp. 2d 177, 184 (D.D.C. 2005) (citing 42 U.S.C. § 2000e-16(c)). Courts have observed the ninety-day time limit strictly. See Wiley v. Johnson, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)

- 6 -

(citing Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (barring a suit filed ninety-one days after a final agency action)).  "However, the ninety-day time period is nonjurisdictional -- it functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." Wiley, 436 F. Supp. 2d at 96 (citing Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988)).

"Court[s] typically extend equitable relief when 'a claimant has received inadequate notice, . . . where the court has led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.'"  DePippo, 453 F. Supp. 2d at 33 (quoting Wiley, 436 F. Supp. 2d at 96).  "In other words, to apply equitable tolling, the plaintiff must have exercised due diligence and his excuse for the delayed filing must be 'more than a garden variety claim of excusable neglect.'"  Id. Plaintiff carries the burden of "pleading and proving any equitable excuse for failure to meet the ninety-day filing limit[.]"  Wiley, 436 F. Supp. 2d at 96 (citing Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982)).

A party may move under Federal Rule of Civil Procedure 12(b)(5) to dismiss a complaint for insufficiency of service of process.  See Fed. R. Civ. P. 12(b)(5).  "Upon such a motion, the plaintiff carries the burden of establishing that [she] has

- 7 -

properly effected service" as is required under Rule 4.  See Koerner v. United States, 246 F.R.D. 45, 46 (D.D.C. 2007) (internal quotations and citation omitted).  Rule 4(m) requires that service of summons and the complaint be made upon the defendant "within 120 days after the complaint is filed[.]"  Fed. R. Civ. P. 4(m).  However, courts "must extend the time for an appropriate period" if the plaintiff shows good cause for failure to effect timely service.  See id.  "If the plaintiff fails to effect proper service within the 120-day limit enumerated in the Rule, or within the time period designated by the Court, the plaintiff carries the burden of showing good cause for the failure."  Candido v. Dist. of Columbia, 242 F.R.D. 151, 160 (D.D.C. 2007).  "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant."  Id.

I.   TITLE VII CLAIMS

   A.   Timeliness

Plitt received the FAD -- addressed to "Ms. Yanelle R. Strong-Fischer c/o Mr. Brian Plitt, Esq." -- on October 3, 2006 ("October letter").  (See Def.'s Mot. Ex. 2.)  Thus, Strong's deadline for filing a civil action under Title VII was January 2,

- 8 -

2007.[5]  Strong did not file her complaint until February 5, 2007, over thirty days after the filing deadline.  Strong asserts that February 5, 2007 should properly be regarded as the filing deadline because Plitt received an additional copy of the FAD -- this time addressed to "Mr. Brian Plitt, Esq. c/o Yanelle Strong-Fischer" -- on November 7, 2006 ("November letter").  (See Pl.'s Opp'n Ex. 1.)  Despite Plitt's urging to the contrary, "[i]t is well settled that notice of final action is 'received' when the agency delivers its notice to a claimant or a claimant's attorney -- whichever comes first."  Jackson v. Snow, Civil Action No. 05-1266 (CKK), 2006 WL 212136, at *3 (D.D.C. Jan. 27, 2006) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990)).  See also DePippo, 453 F. Supp. 2d at 33 n.1; Janczewski v. Sec'y, Smithsonian Inst., 767 F. Supp. 1, 5 (D.D.C. 1991) ("[W]ithin the meaning of Title VII, notice of final action is received when the agency delivers its notice to a claimant or the claimant's attorney, whichever comes first.").  Moreover, where an individual receives two letters on different dates regarding the same FAD, "a second right to sue letter tolls the limitations period *only if* the EEOC issues [the letter] pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b)."

---

[5] The actual ninety-day filing deadline was January 1, 2007.  As January 1, 2007 was a holiday, however, Strong had up to January 2, 2007 to file her complaint.  See Fed. R. Civ. P. 6(a)(3).

- 9 -

Crane v. Nat'l Cable Satellite Corp., 484 F. Supp. 2d 100, 103 (D.D.C. 2007) (citing Santini v. Cleveland Clinic Florida, 232 F.3d 823, 825 (11th Cir. 2000)) (alteration in original) (emphasis added).

    Here, what came first was the October letter, signed for by Plitt himself, which provided clear notice of the ninety-day filing deadline. (See Def.'s Mot. Ex. 1. ("Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court.").) Because the November letter was not issued by the EEOC pursuant to a reconsideration on the merits, but rather was "another copy" of the FAD provided in the October letter (see Pl.'s Opp'n at 6), the limitations period began to run when Plitt received the October letter, rendering the filing deadline January 2, 2007.

    Any argument that Plitt did not "receive" the October letter because it was addressed to Strong in care of him is unpersuasive. Plitt personally received and signed for the October letter. (See Def.'s Mot. Ex. 2 at 2 (copy of Proof of Delivery Record with Plitt's signature); see also Pl.'s Opp'n at 6 (acknowledging that the October letter "was signed for by Mr. Plitt.")) It would make little difference if, because the letter was addressed to Strong, Plitt then passed along the letter unopened to her. See Crane, 484 F. Supp. 2d at 103-04 ("[A] right to sue letter is not a talisman whose power is lost

- 10 -

if it is . . . passed through a [third party's] hands.") (internal quotations and citations omitted).  Delaying the start of the ninety-day period when a FAD addressed to a client in care of her attorney is received but not read by the attorney would run counter to the very purpose of the limitations period, which is meant "to insure that the defendants are put on 'notice of adverse claims and to prevent plaintiffs from sleeping on their rights.'"  <u>Janczewski</u>, 767 F. Supp. at 6 (quoting <u>Crown, Cork & Seal Co. v. Parker,</u> 462 U.S. 345, 352 (1983)).  Strong's Title VII claims were untimely filed.

    B.   <u>Equitable Tolling</u>

Strong insists that "it would be just and equitable to impose equitable tolling of the time for filing . . . [because Plitt] was involved in the months of October-December 2006, and the first two weeks in January 2007, with the primary care of his hospitalized father, who passed away on January 1, 2007."  (Pl.'s Opp'n at 8.)

Ordinarily, a party must demonstrate extraordinary cicumstances to invoke a court's power to toll the statute of limitations.  <u>Battle v. Rubin</u>, 121 F. Supp. 2d 4, 7-8 (D.D.C. 2000) (internal quotations and citations omitted).  For example, such instances have involved *pro se* litigants whose failure to meet the deadline was caused in part by reliance on the advice of a government officer, see <u>Jarrell v. United States Postal Serv.</u>,

- 11 -

753 F.2d 1088, 1092 (D.C. Cir. 1985), or who have barely missed the filing deadline.  See, e.g., Brooks v. Derwinski, 741 F. Supp. 963 (D.D.C. 1990) (allowing equitable tolling when a *pro se* plaintiff, proceeding *in forma pauperis*, filed only one day late).  See also Janczewski, 767 F. Supp. at 6 (allowing equitable tolling where "the temporary absence of a security guard or marshal at the courthouse entrance . . . caused the plaintiff to file [her] case one minute late"); Robinson-Smith v. Gov't Employees Ins. Co., 424 F. Supp. 2d 117, 122 (D.D.C. 2006) (noting that tolling may be appropriate "where a party has been misled by its adversary to miss a filing deadline, where a claimant has actively pursued its rights by filing a defective pleading within the deadline, and where a plaintiff was prevented from bringing suit by war").

Here, Strong did not file her complaint only one minute late.  She was not misled by the Secretary to miss the filing deadline, nor did war prevent her from bringing suit timely.  Nor is Strong proceeding *pro se*; she is represented by Plitt.  While Plitt regrettably suffered through a period of personal hardship, "a lawyer's duty of diligence transcends both upheaval at work and personal tragedy."  Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 65 (1st Cir. 2001) (citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380, 398 (1993)).  Cf. also, Harrington v. City of Chicago,

433 F.3d 542, 548 (7th Cir. 2006) (holding that counsel's "abandonment of th[e] case during discovery . . . cannot be excused by the deaths in his family"); Jovanovic v. In-Sink-Erator, 201 F.3d 894, 896-97 (7th Cir. 2000) (finding that counsel's "family crisis to which he had to attend" did not excuse his late filing); Marcaida v. Rascoe, 569 F.2d 828, 830 (5th Cir. 1978) (insisting that counsel's preoccupation with his father's death and other matters did not dispense with the necessity to comply with filing deadlines). Thus, unfortunately for Strong, Plitt's misfortune does not support equitable tolling.[6]

Moreover, "the likely lack of prejudice to the defendant cannot excuse plaintiff's failure to file [her] complaint in a timely manner" when "no other factor justifies tolling." DePippo, 453 F. Supp. 2d at 35 (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not

---

[6] The sole case Strong cites for her proposition that she is entitled to equitable tolling helps her little. It explains that unless fraudulently misled by a defendant into postponing the filing of a discrimination claim, "a plaintiff who has consulted with an attorney about a potential discrimination claim will not get away with complaining that he failed to understand the requirements and implications of the statute." Meyer v. Riegel Products Corp., 720 F.2d 303, 308 (3d Cir. 1983).

- 13 -

an independent basis for invoking the doctrine and sanctioning deviations from established procedures.")). In sum, Strong presents no argument to justify equitable tolling of the ninety-day filing deadline. As the material facts are not in dispute and Strong's untimely filing entitles the Secretary to judgment as a matter of law on the Title VII claims, judgment will be entered for the Secretary on Strong's Title VII claims.[7]

III. TIMELINESS OF SERVICE

The Secretary also claims in a lone sentence not further supported by any facts or legal argument that Strong "failed to serve defendant with a summons and her complaint within the 120-day time period as required by Fed. R. Civ. P. 4." (Def.'s Mot. at 3.) Strong retorts, however, that "an enlargement of time was necessary and approved in order to perfect service[.]" (Pl.'s Opp'n at 8.)

Because Strong filed her complaint on February 5, 2007, she was required under Rule 4(m) to serve the Secretary by June 5, 2007. After no proof of service was filed by that date, an order to show cause was issued instructing Strong to file proof of service by July 3, 2007. In response to the order, Strong moved

---

[7] Strong also insists that her "claims for . . . common law discharge (Petition para. 42) are not affected" by the Secretary's motion to dismiss for failure to meet Title VII's ninety-day filing requirement. (See Pl.'s Opp'n at 8.) However, Strong's complaint contains no paragraph 42, nor does it contain any reference to common law claims.

- 14 -

for an extension of time to re-serve the Secretary.  The Secretary did not oppose Strong's motion.  The motion was granted, affording Strong until September 14, 2007 to file proof of service.  On September 21, 2007, Strong moved for leave to file proof of service upon the defendant.  Strong's motion, which again had gone unopposed by the Secretary, was granted.  Thus, the Secretary has not shown that service was untimely, and her motion to dismiss the complaint for failure to timely serve process will be denied.

<u>CONCLUSION AND ORDER</u>

Because Strong's Title VII claims are barred by the ninety-day filing limit and equitable tolling is unwarranted, the Secretary's motion to dismiss those claims, treated as a motion for summary judgment, will be granted.  However, because Strong served the Secretary within the extended time afforded to her, Strong's § 1981 claim will survive the Secretary's motion to dismiss.  Accordingly, it is hereby

ORDERED that defendant's motion [13] to dismiss the complaint be, and hereby is, GRANTED IN PART AND DENIED IN PART.  Defendant's motion to dismiss plaintiff's Title VII claims, treated as a motion for summary judgment, is granted.  Judgment is entered for the defendant on the Title VII claims.  Defendant's motion to dismiss plaintiff's § 1981 claim and to transfer the case is denied.

- 15 -

SIGNED this 22nd day of May, 2008.

                                                           _____/s/_____
                                                           RICHARD W. ROBERTS
                                                           United States District Judge

Case 1:07-cv-00265-RWR   Document 21   Filed 05/22/2008   Page 15 of 15