**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
YANELLE STRONG-FISHER,         )
                               )
          Plaintiff,           )
                               )
          v.                   )     Civil Action No. 07-265 (RWR)
                               )
RAY LAHOOD,                    )
                               )
          Defendant.           )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Plaintiff Yanelle Strong-Fisher brings this suit against the Secretary of the Department of Transportation ("DOT")[1] alleging that she was subject to employment discrimination, retaliation, and a hostile work environment in violation of 42 U.S.C. § 1981 while employed within the Federal Aviation Administration, a division of the DOT. After the Secretary failed to answer or respond to Strong-Fisher's amended complaint, Strong-Fisher secured an entry of default against the Secretary and has moved for default judgment. The Secretary has moved to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c) and to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Because the

---

[1]Ray LaHood is substituted for Mary E. Peters under Federal Rule of Civil Procedure 25(d).

-2-

Secretary has shown good cause to set aside the entry of default and because the United States has not waived its sovereign immunity under 42 U.S.C. § 1981, the Secretary's motion to set aside entry of default and to dismiss the complaint will be granted and Strong-Fischer's motion for default judgment will be denied as moot.

BACKGROUND

In her original complaint, Strong-Fisher brought claims against the Secretary under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 alleging that she was subjected to racial and sexual discrimination, retaliation, and a hostile work environment.  The Secretary moved to dismiss the claims under both statutes arguing that Strong-Fischer's claims were untimely and that Strong-Fischer failed to timely serve process. The Secretary's motion was treated as one for summary judgment, and judgment was entered for the Secretary on Strong-Fisher's Title VII claims because they were barred by the ninety-day filing deadline and equitable tolling was not warranted.  See Strong-Fisher v. Peters, 554 F. Supp. 2d 19, 25 (D.D.C. 2008). Strong-Fisher's § 1981 claims were not dismissed, however, because she properly served the Secretary with a copy of the complaint within the extended time afforded her.  See id. at 26. Strong-Fisher later filed an amended complaint bringing official capacity claims against the Secretary solely under § 1981.  The

-3-

Secretary failed to file a response within the time allowed under Rule 15(a)(3), and Strong-Fisher secured entry of default.

The Secretary has moved under Rules 55(c), 12(b)(1), and 12(b)(6) to set aside the default and to dismiss the complaint, arguing that the United States has not waived its sovereign immunity under 42 U.S.C. § 1981, and, as result, Strong-Fisher has failed to state a claim upon which relief can be granted. Strong-Fisher has filed a motion for default judgment, contending that default judgment should be granted in this case because the Secretary deliberately failed to respond to her amended complaint.

## DISCUSSION

I.   MOTION TO SET ASIDE ENTRY OF DEFAULT

A court can set aside a default under Rule 55(c) "for good cause." Fed. R. Civ. P. 55(c). Default judgments are generally disfavored by courts "perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); see Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998) ("[A] default judgment must be a sanction of last resort to be used only when less onerous methods . . . will be ineffective or obviously futile." (internal quotation marks omitted)). Thus, while a trial court has discretion whether to set aside an entry of default, "there is a

-4-

strong policy favoring the adjudication of a case on its merits[.]" Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997).  A court should consider three factors when determining whether to set aside an entry of default: "'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" Jackson, 636 F.2d at 836 (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)); see Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 8-12 (D.D.C. 2008) (applying the Jackson three-factor test); Baade, 175 F.R.D. at 405-06.

Regarding the first factor, "'the boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable.'" Canales, 254 F.R.D. at 8 (quoting Int'l Painters & Allied Trades Union & Industry Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003)) (finding the defendant's conduct to be willful when it failed to respond to the lawsuit for more than a year and three months after the answer was due and failed to respond for more than eight months after default judgment was ordered).  Strong-Fischer contends that the Secretary's default was willful because the Secretary repeatedly missed filing deadlines, despite notice from the court that failure to timely respond could result in default.  (Pl.'s

-5-

Opp'n at 2-3.)  Specifically, the Secretary failed to answer the
plaintiff's original complaint within the time permitted by Rule
12 after the Secretary's motion to dismiss was denied, even after
a show cause order was issued suggesting that Strong-Fischer
could seek entry of default, and the Secretary later failed to
timely respond to Strong-Fischer's amended complaint.  In light
of the Secretary's repeated failures to timely participate in
this action, Strong-Fischer arguably has made a colorable showing
that the Secretary's default was willful, rather than the result
of excusable neglect.

However, regarding the prejudice factor, "'[d]elay in and of
itself does not constitute prejudice[.]'"  Capital Yacht Club v.
Vessel AVIVA, 228 F.R.D. 389, 393-94 (D.D.C. 2005) (quoting KPS &
Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 15 (1st Cir.
2003)).  "The issue is not mere delay, but rather its
accompanying dangers: loss of evidence, increased difficulties of
discovery, or an enhanced opportunity for fraud or collusion."
KPS & Assocs., 318 F.3d at 15 (internal quotation marks omitted).
Strong-Fisher has made no showing that the Secretary's delay in
responding to her amended complaint has created any of these
dangers that might have an impact upon her ability to
successfully prosecute her claim.  Because Strong-Fischer has
shown only mere delay, without more, setting aside entry of
default would not prejudice her.

-6-

In addition, the Secretary has raised a meritorious defense that favors setting aside the entry of default.  See Jackson, 636 F.2d at 836; Canales, 254 F.R.D. at 11 (requiring that the asserted defense be one that "may be proven at trial," but not mandating that the defendant prove the defense in a motion to set aside default).  The Secretary asserts that the court lacks subject matter jurisdiction over Strong-Fischer's § 1981 claims because the United States has not waived its sovereign immunity under 42 U.S.C. § 1981.  For the reasons discussed below, this defense is meritorious.  On balance, although Strong-Fischer has made some showing regarding willfulness, but there has been no prejudice caused by the Secretary's delay in responding to the amended complaint and the Secretary has raised a meritorious defense, he has shown good cause to set aside entry of default.  Thus, his motion to set aside entry of default will be granted, and Strong-Fisher's motion for default judgment will be denied as moot.[2]

---

[2]In the alternative, Strong-Fischer's motion for default judgment must be denied because default judgment is barred by Rule 55(d), which states that "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152 (D.D.C. 2003).  For the reasons discussed below, Strong-Fischer has not established, and cannot establish, that the court has subject matter jurisdiction over her claims, and thus has failed to carry her burden under Rule 55(d).

-7-

II.  MOTION TO DISMISS

The Secretary argues that Strong-Fischer's claims must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the government has not waived sovereign immunity under § 1981 or otherwise consented to suit.  A plaintiff bears the burden of establishing a court's subject matter jurisdiction.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998) ("The party invoking federal jurisdiction bears the burden of establishing its existence.").

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  A court cannot infer a waiver of sovereign immunity; it "'must be unequivocally expressed.'"  Id. (quoting United States v. King, 395 U.S. 1, 4 (1969)).  A suit against a government official in his official capacity is a suit against the United States if "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.'"  Galvan v. Fed. Prison Indus., Inc., 199 F.3d 461, 463 (D.C. Cir. 1999) (quoting Dugan v. Rank, 372 U.S. 609, 620 (1963)).  Because Strong-Fischer's amended complaint seeks damages from the Secretary that would be paid from the public

-8-

treasury, her suit must be construed as a suit against the United
States.  Strong-Fischer, then, bears the burden of establishing
that the United States has waived its sovereign immunity under 42
U.S.C. § 1981.

In Brown v. General Services Administration, 425 U.S. 820
(1976), the Supreme Court concluded that Title VII of the Civil
Rights Act of 1964 "provides the exclusive judicial remedy for
claims of discrimination in federal employment."  Id. at 835; see
Williams v. Bentsen, No. 93-5192, 1993 WL 469110 at *1 (D.C. Cir.
Nov. 5, 1993) ("[I]t is well established that Title VII provides
the exclusive judicial remedy for claims of discrimination in
federal employment.").  Because Title VII provides an exclusive
remedy, claims covered by Title VII may not be brought under
other federal statutes, including 42 U.S.C. § 1981.  Kizas v.
Webster, 707 F.2d 524, 542 (D.C. Cir. 1983); Torre v. Barry, 661
F.2d 1371, 1374 (D.C. Cir. 1981) ("[A] federal employee who is
covered by section 717 [of Title VII] may not sue under section
1981 or the Fifth Amendment."); Prince v. Rice, 453 F. Supp. 2d
14, 25 (D.D.C. 2006) (noting that the court of appeals has
interpreted the Supreme Court's ruling in Brown v. GSA to
preclude discrimination claims against the federal government
brought under § 1981).

In addition, the plain language of § 1981 "support[s] the
conclusion that instrumentalities of the federal government may

-9-

not be sued under § 1981." Prince, 453 F. Supp. 2d. at 26.
"Section 1981, by its terms, protects certain enumerated rights
'against impairment by nongovernmental discrimination and
impairment under color of State law.'" Id. at 25 (quoting 42
U.S.C. § 1981(c) (emphasis added)).  Because the language of
§ 1981(c) "simply 'does not apply to actions taken under color of
federal law,'" it does not cover alleged actions of federal
officials acting in their official capacities.  Id. at 25
(emphasis added) (quoting Davis v. U.S. Dep't of Justice, 204
F.3d 723, 725 (7th Cir. 2000) (per curiam)).  Further, because a
waiver of sovereign "cannot be implied but must be unequivocally
expressed," King, 395 U.S. at 4, "[t]he absence of any language
in § 1981 indicating that the statute authorizes suits against
the federal government or its employees . . . demonstrates that
the United States has not waived its sovereign immunity" under
the statute.  Prince, 453 F. Supp. 2d at 26.  Thus, the United
States has not waived its immunity under § 1981, and the court
lacks jurisdiction over Strong-Fischer's claims against the
Secretary brought under § 1981.  See Save Our Schools-S.E. & N.E.
v. D.C. Bd. of Educ., Civil Action No. 04-1500 (HHK), 2006 WL
1827654, at *6 (D.D.C. July 3, 2006) (finding that § 1981 did not
apply to the actions of the Secretary of Education acting under
federal law); Brown v. United States, 271 F. Supp. 2d 225, 229
(D.D.C. 2003) (maintaining that the plaintiff's § 1981 claim

-10-

against the United States and USDA were barred because of the
absence of statutory language covering actions taken under
federal law); <u>Williams v. Glickman</u>, 936 F. Supp. 1, 5 (D.D.C.
1996) (dismissing the plaintiff's claim against the Secretary of
Agriculture because of a failure to "allege impairment of rights
by nongovernmental discrimination or impairment under color of
state law").  Since Strong-Fischer's claims in her amended
complaint are brought solely under § 1981, the Secretary's motion
to dismiss the amended complaint will be granted.

CONCLUSION

Because the Secretary has established good cause to set
aside entry of default, the entry of default will be set aside
and Strong-Fischer's motion for default judgment will be denied
as moot.  In addition, because the United States has not waived
its sovereign immunity under 42 U.S.C. § 1981, the Secretary's
motion to dismiss the amended complaint will be granted.  A
final, appealable Order accompanies this Memorandum Opinion.

SIGNED this 30th day of April, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge